UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN D. WINGERTER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No. 1:05CV199 FRB |
| DAVID BROWN and CENTRAL CONTRACTING AND MARINE, INC., | ) ) ) ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendants David Brown and Central Contracting and Marine, Inc.'s, Motion for Summary Judgment (filed May 5, 2006/Docket No. 16). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Kevin Wingerter brings this cause of action, pro se, alleging that his employers, defendants David Brown and Central Contracting and Marine, Inc., violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2, et seq, by unlawfully terminating his employment on June 20, 2005. Defendants now move for summary judgment, arguing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Plaintiff filed a response to defendants' motion for summary judgment, (filed May 23, 2006, Docket No. 19) but did not file an accompanying memorandum, as required by Local Rule 7-4.01(B) and (E).

- 1 -

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The movant bears the burden of proving entitlement to judgment as a matter of law, and the Court must view all facts and inferences in the light most favorable to the non-movant. Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). Once the movant has demonstrated the absence of disputed material facts, the burden shifts to the adverse party to demonstrate that genuine issues for trial remain. Anderson, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id. The non-movant may not rest upon the pleadings, but must rebut the motion with affidavits or other admissible evidence. Celotex, 477 U.S. at 324. Summary judgment is a harsh remedy and should be denied unless the movant "has established his right to judgment with such clarity as to leave no room for controversy." New England Mutual Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). 1988). The basic inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

The undersigned initially notes that, in compliance with Local Rule 7-4.01, defendants submitted a Statement of Uncontroverted Material Facts, setting forth each fact in a separately numbered paragraph with appropriate citations to the record. The undersigned further notes that plaintiff, in his Motion Against Defendants' Judgement [sic] (filed May 23, 2006/Docket No. 19), fails to specifically controvert any of the matters set forth by defendants in its statement of material facts. Pursuant to Local Rule 7-4.01(E), "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Local rules of the court have the force of law, and parties are charged with knowledge of them. Jetton v. McDonnell Douglas Corporation, 121 F.3d 423, 426 (8th Cir. 1997). Because plaintiff failed to specifically controvert the matters set forth in defendants' Statement of Material Facts, as required by Local Rule 7-4.01(E), the matters in defendants' statement are deemed admitted for purposes of the instant motion for summary judgment. See Northwest Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 724-25 (8th Cir. 2003); Harris v. Interstate Brands Corporation, 348 F.3d 761, 762-62 (8th Cir. 2003). To the extent that the plaintiff's Motion Against Defendants' Judgement (sic) and accompanying affidavits can be considered to controvert facts asserted by defendants in their statement of uncontroverted

facts, the facts are not material to the determination of the motion as further discussed herein.

**I. Evidence Before the Court**

Defendant Central Contracting and Marine, Inc., employed plaintiff as a harbor pilot from October 22, 2001 until it terminated his employment on June 20, 2005. As a harbor pilot, plaintiff was charged with operating a towboat for a single Central Contracting and Marinecustomer, MMD Stone, located in Jackson, Missouri. Plaintiff possessed a U.S. Merchant Marine officer's license, and was subject to regulations promulgated by the U.S. Coast Guard which limited him to working only 12 hours within a 24 hour period.

Using Central Contracting and Marine, Inc.'s, towboat, plaintiff moved barges so that they could be loaded with stone and picked up by line-haul Mississippi River towboats, which operated 24 hours per day, seven days a week. The line-haul towboats sometimes arrived at MMD Stone late at night or early in the morning, and required prompt servicing to allow the line-haul towboats to remain on schedule for their next stop. Plaintiff was responsible for setting his own work schedule, and he was required to work as needed to service MMD Stone's barges and allow the line-haul towboats to remain on schedule, without violating the aforementioned Coast Guard regulations concerning work hours. Plaintiff had advance notice regarding the scheduled arrival of the line-haul towboats.

David Brown is the owner, president, and member of the board of directors of defendant Central Contracting and Marine, Inc. (Affidavit of David Brown, filed May 5, 2005/Docket No. 17-3.) According to his Affidavit, and as deemed admitted in defendant's Statement of Material Facts, David Brown never required plaintiff to work more than 12 hours in a 24 hour period, and was unaware of a circumstance in which MMD Stone so required. During his deposition, plaintiff admitted that, anytime he worked at night, MMD Stone avoided having him work during the day to allow plaintiff to comply with Coast Guard regulations. In fact, plaintiff maintained logs showing his hours worked, and with the exception of a few occasions in which he exceeded the limit by a few minutes, he never worked more than 12 hours in a 24 hour period.

Plaintiff began repeatedly telling the management of MMD Stone, the barge companies and the line-haul boats, that he would not work at night, and further asserted that Central Contracting and Marine, Inc.'s, business was a daytime-only operation, which was untrue. The management of MMD Stone complained to David Brown that, due to plaintiff's statements and his refusal to adjust his work hours to accommodate the business, the line-haul boats that arrived at night were forced to wait until the morning for service, which placed them behind schedule, cost the barge lines thousands of dollars, and eventually caused some barge lines to refuse to tow barges for MMD Stone. MMD Stone informed David Brown that, unless he replaced plaintiff as pilot, MMD Stone would contract with another

company for the needed services.  On the night of April 27, 2005, plaintiff refused to work, stating that doing so would cause him to exceed the 12 hour limit and jeopardize his U.S. Merchant Marine officer's license.  On June 20, 2005, approximately two months following this incident, David Brown terminated plaintiff.

Plaintiff filed his Complaint under Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination, complaining that his employment was terminated due to retaliation. Plaintiff did not indicate that his termination was due to his race, religion, sex, or national origin.

On July 14, 2005, plaintiff filed a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC").[1]  Therein, plaintiff indicated that he had been terminated due to retaliation, and explained the circumstances regarding his refusal to work, stating that he did so to avoid violating Coast Guard regulations.  In a letter dated July 27, 2005, EEOC Investigator James M. Gall advised plaintiff that his complaints appeared to be outside the scope of the EEOC's protection, but

---

[1]Title VII requires claimants to timely file a discrimination charge with the EEOC and exhaust administrative remedies before bringing a Title VII action in court.  See 42 U.S.C. § 2000e-5(e)(1).  To exhaust Title VII's administrative remedies, and individual must (1) timely file a charge of discrimination with the EEOC, setting forth the facts and nature of the charge within 180 days of the alleged discrimination, and (2) receive notice from the EEOC of the right to sue.  42 U.S.C. § 2000e-5(b), (c), (e).  Once a claimant receives a right-to-sue letter from the EEOC, he or she has ninety days in which to file suit.  42 U.S.C. § 2000e-5(f)(1).

afforded plaintiff ten days to supply additional information that may bring his claim within the EEOC's scope. On August 8, 2005, Investigator Gall forwarded to plaintiff an EEOC "Dismissal and Notice of Rights" form, indicating that the EEOC was closing its file, as it was unable to conclude that plaintiff's claim established statutory violations, but granting plaintiff the right to bring suit in federal court.

**II. Discussion**

In their Motion for Summary Judgment defendants assert four grounds upon which they claim that summary judgment should be granted. Those grounds are as follows:

1. Central Contracting and Marine, Inc., is not an "employer" within the meaning of Title VII;

2. Plaintiff fails to show that he was discriminated against on the basis membership in a class protected under Title VII;

3. Plaintiff fails to show that he was retaliated against on account of activity protected by Title VII; and

4. Even if Plaintiff has made out a prima facie case of discrimination, defendants have produced evidence of a nondiscriminatory reason for termination which plaintiff has not shown to be pretextual.

Under Title VII, it is unlawful for an employer to retaliate against an employee who is engaged in a protected activity. See Brower v. Runyon, 178 F.3d 1002, 1005 (8th Cir. 1999). A

protected activity can be either opposing an act of discrimination made unlawful by Title VII (the opposition clause), or participating in an investigation under Title VII (the participation clause). See Id. To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he was engaged in a protected activity (opposition or participation); (2) he suffered an adverse employment action; and (3) the adverse action occurred because he was engaged in the protected activity. See Coffman v. Tracker Marine, 141 F.3d 1241, 1245 (8th Cir. 1998). Once the plaintiff establishes a prima facie case of retaliation, the burden shifts to the defense to produce a nondiscriminatory reason for the adverse employment action. See Id. Following this, the burden shifts back to the plaintiff to show that the defendant's proffered reason was pretextual. See Id.

Only an "employer" is subject to liability under Title VII. 42 U.S.C. §§ 2000e(b); 2000e-2. The statute defines an "employer" as a "person engaging in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). A defendant's status as an employer is a prerequisite to liability under Title VII. The United States Supreme Court recently held that this so-called "employee-numerosity" requirement of Title VII is an element of plaintiff's claim for relief, not a jurisdictional threshold. Arbaugh v. Y & H Corporation, 126 S.Ct. 1235, 1245 (2006). In determining the satisfaction of the employee numerosity requirement in the instant case, the relevant time periods

are years 2005 and 2004, the year plaintiff claims defendants wrongfully terminated him, and the preceding year, respectively. 42 U.S.C. § 2000e(b).

According to David Brown's Affidavit, Central Contracting and Marine, Inc., never employed fifteen or more employees in each of twenty or more calendar weeks during the years 2004 or 2005. Id. In its Statement of Uncontroverted Facts, defendants make the same assertion. (Filed May 5, 2005, Docket No. 17-2, page 1, paragraph 3.) Plaintiff has failed to specifically controvert this assertion in any of his submissions in response to the defendants' motion for summary judgment. For this reason the defendants' statement is deemed admitted for purposes of the instant motion for summary judgment, and specifically the defendants' assertion that they never employed fifteen or more employees in each of twenty or more weeks during calendar years 2004 or 2005. See Northwest Bank & Trust Co., 354 F.3d at 724-25; Harris, 348 F.3d at 762-62. Based on the undisputed evidence before the Court, therefore, defendants David Brown and Central Contracting and Marine, Inc., do not qualify as an "employer" under Title VII, and therefore cannot be held liable under Title VII.

Title VII prohibits discrimination in employment practices on account of an individuals race, color, religion, sex or national origin. 42 U.S.C. §2000e-2(a). The statute also prohibits discrimination against an individual in employment practices because the individual has opposed any discriminatory employment practice or

has participated in actions to enforce the statute as to any discriminatory employment practice as defined in the statute. 42 U.S.C. § 2000e-3(a).

Plaintiff's claim fails as a matter of law because he fails to allege or show that defendants terminated him in retaliation for his engagement in protected conduct. Nowhere in plaintiff's complaint or in any other document that he has filed in this case has plaintiff alleged, claimed or shown that any adverse employment action taken against him was on account of his race, color, religion, sex or national origin, or because he engaged in any protected activity relating to such a claim. Plaintiff claims that he was terminated in retaliation for his refusal to work in excess of 12 hours in a 24-hour period, not for his opposition to practices made unlawful by Title VII or for his participation in Title VII enforcement. Plaintiff's claim of adverse employment action attributable to something other than protected Title VII participation or opposition cannot, as a matter of law, establish a prima facie case under Title VII. Because plaintiff did not meet this initial burden, the burden does not shift to defendants to offer a nondiscriminatory reason for plaintiff's termination, and plaintiff's claim fails as a matter of law.

Defendants are therefore entitled to judgment on plaintiff's claim. As these issues are dispositive of defendants' motion for summary judgment, the Court need not reach defendants' other grounds for relief.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants David Brown and Central Contracting and Marine, Inc.'s, Motion for Summary Judgment (Docket No. 16) is granted. Judgment shall be entered in favor of defendants and against plaintiff.

**IT IS FURTHER ORDERED** that defendants' Motion to Transfer Divisional Venue (Docket No. 10/filed February 3, 2006) is denied as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Individual Defendant David Brown (Docket No. 12/filed February 21, 2006) is denied as moot.

Judgment shall be entered accordingly.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of September, 2006.